J-S75021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL VASQUEZ-DIAZ | : | |
| | : | |
| Appellant | : | No. 642 EDA 2018 |

Appeal from the Judgment of Sentence December 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008880-2012

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                       **FILED JANUARY 09, 2019**

Appellant Angel Vasquez-Diaz appeals from the judgment of sentence following a jury trial and convictions for rape, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, indecent assault, and terroristic threats, and a prior remand by this Court for resentencing.[1]  At the Commonwealth's request, we again vacate the judgment of sentence and remand for the limited purpose of correcting its sentencing order.

Because we write for the parties, we need not reiterate the facts and procedural posture of this matter previously set forth in our prior decision. **See generally Vasquez-Diaz**, 369 EDA 2014.  Following this Court's remand

_____

[1] **Commonwealth v. Vasquez-Diaz**, 369 EDA 2014 (Pa. Super. filed May 22, 2017) (unpublished mem.).

for re-sentencing without reference to an unconstitutional mandatory minimum sentence, the trial court held a re-sentencing hearing on December 5, 2017.

At the sentencing hearing, the trial court pronounced the sentence as follows:

> Count 1, rape, I'm sentencing [Appellant] to ten to 20 years. Count 2, involuntary deviate sexual intercourse, I'll impose the sentence of 20 to 40 years. Those sentences are to run concurrent. Count 3, unlawful contact with a minor, I'll sentence [Appellant] to ten to 20 years. That sentence is to run consecutive connect [sic].[2] Count 4, endangering the welfare of a child, I'll sentence the defendant to two-and-a-half to five years. That sentence is to run consecutive . . . Count 5 is indecent assault, it's two-and-a-half to five. That sentence is to run concurrent with the previous sentence and with the sentence on Count 6, terroristic threats, I'm sentencing the defendant to two-and-a-half to five years. That sentence is to run consecutive to the previous terms. My calculation is that it's 35 to 70 years.

N.T. Sentencing, 12/5/17, at 29-30. The trial court did not specify whether the sentence for count three was consecutive or concurrent to the sentence at count one or count two.

The trial court's sentencing order, however, did not provide for a thirty-five to seventy year aggregate sentence. Rather, it provided for a twenty-five to fifty year aggregate sentence, which we summarize as follows:

| Count | Offense | Term | Consecutive/ Concurrent |
|-------|---------|------|-------------------------|
| 1 | § 3121(a)(1) | 10-20 years | |

---

[2] The docket reflects that the sentence for count three was made consecutive to the sentence for count one.

- 2 -

| 2 | § 3123(b) | 20-40 years | **Concurrent to Count 1** |
|---|-----------|-------------|---------------------------|
| 3 | § 6318(a)(1) | 10-20 years | Consecutive to Count 1 |
| 4 | § 4304(a)(1) | 2.5-5 years | Consecutive to Count 2 |
| 5 | § 3126(a)(2) | 2.5-5 years | Concurrent to Count 1 |
| 6 | § 2706(a)(1) | 2.5-5 years | Consecutive to Count 4 |

*See* Sentencing Order, 12/5/17. Neither Appellant nor the Commonwealth alerted the court to the discrepancy between the trial court's statements at sentencing and its sentencing order.

Appellant filed a timely motion to reconsider the trial court's thirty-five to seventy year term of imprisonment. Appellant's Pet. to Vacate and Recons. Sentence, 12/15/17, at 1. The docket reflects that the trial court denied Appellant's motion to reconsider sentence on February 7, 2018. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following question:

Did not the [trial] court err as a matter of law and abuse its discretion in imposing a sentence of incarceration totaling thirty-five to seventy years, comprised of consecutive sentences for the same conduct, inasmuch as the sentence was manifestly excessive and unreasonable, where the sentence far surpassed what was required to protect the public and account for [A]ppellant's rehabilitative needs?

Appellant's Brief at 3.

We need not summarize Appellant's arguments in support of his issue in light of our disposition, which we set forth below. On appeal, the Commonwealth requests that this Court vacate the judgment of sentence and remand to have the trial court correct a patent error in the written sentencing order. Commonwealth's Brief at 8. The Commonwealth highlights the

differences between the trial court's pronouncements at the sentencing hearing and the court's written sentencing order. *Id.* at 9.

In **Commonwealth v. Borrin**, 12 A.3d 466 (Pa. Super. 2011) (*en banc*) (**Borrin I**), *aff'd*, 80 A.3d 1219 (Pa. 2013) (plurality) (**Borrin II**), the **Borrin I** Court explained the standard of review as follows: "[t]he issue in the case, whether the trial judge had the authority to correct an alleged sentencing error, poses a pure question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*." **Borrin I**, 12 A.3d at 471 (citations omitted).

"In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." **Borrin II**, 80 A.3d at 1226 (citations omitted). The trial court, however, retains "the inherent power to correct errors in its records or orders so they speak 'the truth,' and thereby reflect what actually took place in judicial proceedings." *Id.* at 1227 (citations omitted).

> It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct clear clerical errors in its orders. A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.[] § 5505 for the modification of orders.
>
> A trial court's inherent authority to correct clerical errors, while considered a time-honored tradition, has been described by our Supreme Court as a limited judicial power in its scope.

***Borrin I***, 12 A.3d at 471-72 (citations and internal quotation marks omitted).[3]

"As a matter of general guidance, our Supreme Court has sanctioned the use of the inherent authority in cases that involve clear errors in the imposition of sentences that were incompatible with the record or black letter law[.]" ***Id.*** at 473 (citation, internal quotation marks, and emphasis omitted). "[O]nly when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a clear clerical error on the face of the record, and the sentencing order subject to later correction." ***Id.*** (citation and internal quotation marks omitted).

Here, we agree with the Commonwealth that a clear clerical error occurred. ***See id.*** At the sentencing hearing, the trial court announced its intent to impose an aggregate sentence of thirty-five to seventy years' imprisonment. N.T. Sentencing at 29-30. The actual sentencing order itself, however, reflects a twenty-five to fifty year aggregate term of imprisonment. Sentencing Order, 12/5/17. Therefore, we vacate the judgment of sentence and remand for correction. ***See Borrin I***, 13 A.3d at 471-73; ***see also*** Commonwealth's Brief at 9.

---

[3] "Correctible errors are those determined to be 'patent and obvious mistakes.' The term 'clerical error' has been long used by our courts to describe an omission or a statement in the record or an order shown to be inconsistent with what in fact occurred in a case, and, thus, subject to repair." ***Borrin II***, 80 A.3d at 1227 (citations omitted).

Commonwealth's Application for Extension of Time to File Brief denied as moot.  Judgment of sentence vacated.  Case remanded for correction of the sentencing order.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/19